■ In the Matter of STEWART L. CLOER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [826 NYS2d 919]—

Per Curiam. Respondent was admitted to practice by this Court in 1991. He resides in Texas.

By North Carolina court order dated June 11, 1999, respondent was permanently disbarred in that state. He was licensed to practice in North Carolina in 1982. The disbarment decision found that respondent had converted client funds and properties to his own benefit of almost $1 million.

Petitioner moves for an order imposing reciprocal discipline pursuant to this Court's rules (*see* 22 NYCRR 806.19).

Respondent raises the defenses to reciprocal discipline set forth in this Court's rules but, although given adequate opportunity to do so, has failed to file the record of the North Carolina proceedings as required to substantiate his claims that he was deprived of due process in North Carolina and that there was such an infirmity of proof establishing the conduct that this Court cannot accept as final the findings of misconduct made by the North Carolina court (*see* 22 NYCRR 806.19 [d]). With respect to his claim that the imposition of reciprocal discipline would be unjust, our review of the decision of the North Carolina court thoroughly detailing respondent's very serious misconduct indicates otherwise.

We grant petitioner's motion and we further conclude that respondent should be reciprocally disbarred.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).